# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### GREENSBORO DIVISION

| | |
|---|---|
| Eugene Scott Ridgeway, Gerry Fulp, and James Cox,<br><br>        Plaintiffs,<br><br>    v.<br><br>Core & Main, LP,<br><br>        Defendant. | Civil Action No. 1:24-cv-266<br><br>**NOTICE OF REMOVAL** |

Defendant Core & Main LP ("Defendant") files this Notice of Removal in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, and hereby removes this action from the General Court of Justice, Superior Court Division, for Guilford County, North Carolina (the "State Court") to the United States District Court for the Middle District of North Carolina. This Notice of Removal is based upon diversity jurisdiction under 28 U.S.C. § 1332. In support of this Notice of Removal, Defendant states as follows:

### PLEADINGS, PROCESS, AND ORDERS

1. On February 22, 2024, Plaintiffs Eugene Scott Ridgeway ("Plaintiff Ridgeway"), Gerry Fulp ("Plaintiff Fulp"), and James Cox ("Plaintiff Cox") (collectively, "Plaintiffs") filed a lawsuit in the State Court, titled *Eugene Scott Ridgeway, Gerry Fulp, and James Cox v. Core & Main, LP*, Case No. 24-CVS-3429 (the "State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A are true and correct copies of "all process, pleadings and orders" that have been served upon Defendant in the State Court Action, including the Summons and Complaint and an Affidavit of Service.

3. Plaintiffs' Complaint ("Complaint") asserts two claims for relief: (1) wrongful termination in violation of North Carolina public policy, on behalf of all Plaintiffs, and (2) violation of the North Carolina Wage and Hour Act[1] on behalf of Plaintiff Ridgeway and Plaintiff Fulp.

4. Defendant was formally served with a copy of the attached Summons and Complaint on February 23, 2024.

5. To the best of Defendant's knowledge, no further documents from the State Court Action have been filed by Plaintiff. The attachments thereby satisfy the requirements of 28 U.S.C. § 1446(a).

**TIMELINESS OF REMOVAL**

6. Pursuant to 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed "within thirty days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief …" 28 U.S.C. § 1446(b); *see also Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347.

7. Given that Defendant was served with a copy of the Summons and Complaint on February 23, 2024, this Notice of Removal is timely because it is being filed within thirty (30) days of the date of service.

---

[1] The Complaint styes the claims as violations of the "North Carolina Wage Payment Act."

## VENUE

8. Plaintiffs filed their Complaint in Guilford County, North Carolina. Venue properly lies in the United States District Court for the Middle District of North Carolina pursuant to 28 U.S.C. §§ 113(d), 1391, 1441, and 1446.

9. This is the District Court of the United States for the district embracing the place where the State Court Action is pending and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a). *See also* 28 U.S.C. § 113(b).

## JURISDICTIONAL REQUIREMENTS

10. The U.S. Supreme Court has confirmed that the notice of removal need only contain "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014) (quoting 28 U. S. C. §1446(a)). A defendant does not need to submit evidence to support a notice of removal. *Id.*

11. Noted above, this is a civil action which may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1332 and 1446.

10. As set forth below, this case meets all requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

## DIVERSITY JURISDICTION

11. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), which confers diversity jurisdiction on the federal district courts for "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states. . . ."

12.     The Court has jurisdiction over this action because there is complete diversity of citizenship between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a).

### a.     The Parties Are Completely Diverse.

13.     The Complaint alleges that Plaintiffs are all residents and citizens of North Carolina.  (Compl. ¶¶, 1-3.)

14.     A corporation "shall be deemed a citizen of every State and foreign state by which it had been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1). To determine a corporation's "principal place of business," the Supreme Court has held that courts should apply the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation's "nerve center" is normally located where the corporation maintains its corporate headquarters and where the "corporation's officers direct, control, and coordinate the corporation's activities." *Id*.  In other words, a corporation's "principal place of business" can be found where the corporation's "brain" is located. *Id.* at 95.

15.     As Plaintiffs correctly note in their Complaint, Defendant is not a citizen of North Carolina.  Defendant is a Florida limited partnership.  (*Id*., ¶ 4).  Additionally, Defendant's principal place of business is in St. Louis, Missouri.  (*See* Ex.__., Decl. of _____., ¶ 3)  From its corporate headquarters in St. Louis Missouri, Defendant's high-level officers direct, control, and coordinate the company's corporate and business activities,

- 4 -

including operating, financial, employee relations, marketing, accounting, tax, investor relations and legal policy decisions. (*Id*., ¶ 4).

16. Accordingly, complete diversity of citizenship exists between Plaintiffs and Defendant.

**b. The Amount In Controversy Exceeds $75,000.00.**

17. Plaintiffs expressly allege entitlement to actual damages in the form of purported unpaid commissions and an unpaid bonus totaling at least $299,292.67. (Compl., ¶¶ 11, 14, and 15.) Specifically, Plaintiff Ridgeway alleges he is "entitled to commissions of $139,447.54, (*Id*., ¶ 11); Plaintiff Fulp alleges he was "terminated after earning but not receiving a $25,000 bonus" and that "he should have been paid commissions of approximately $134,845.13, (*Id*., ¶¶ 14-15).[2] Plaintiffs also allege entitlement to back pay, front pay and compensatory damages. (*Id*., ¶ 27). Further, Plaintiffs allege entitlement to "unpaid compensation . . . double damages . . ." as well as punitive damages. (*Id*., ¶¶ 33 and "WHEREFORE" paragraph.)

18. Therefore, Plaintiffs' alleged damages meet the requisite amount in controversy, exclusive of their demand for costs and interest.

19. The Court therefore has diversity jurisdiction over this matter and it is removable pursuant to 28 U.S.C. § 1441(b).

---

[2] The Complaint does not allege specific monetary amounts Plaintiff Cox asserts as damages.

- 5 -

**NOTICE TO STATE COURT AND ADVERSE PARTY**

20.     Pursuant to 28 U.S.C. § 1446(d), a "Notice to State Court of Filing Notice of Removal" and a copy of this Notice of Removal are being contemporaneously filed with the State Court and served on Plaintiffs' counsel of record.  Attached as Exhibit C is a true and exact copy of the "Notice to State Court of Filing Notice of Removal" (without exhibits).

**RESERVATION OF RIGHTS**

21.     In the event this Court should be inclined to remand this action, Defendant requests that the Court issue an order to show cause why the case should not be remanded, giving the parties an opportunity to present proper briefing and argument prior to any possible remand.  Because a remand order is not subject to appellate review, such a procedure is appropriate.

22.     Nothing in this Notice of Removal is intended to waive any defense, nor does it waive any defense.

**CONCLUSION**

WHEREFORE, please take notice that Defendant Core & Main LP hereby removes the above-entitled action from the General Court of Justice, Superior Court Division of Guilford County, North Carolina to the United States District Court for the Middle District of North Carolina.

- 6 -

Dated: March 22, 2024

/s/ Matthew Brown

Matthew Brown, Bar No. 53001
mabrown@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, NC 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on March22, 2024, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, and served the same upon the following counsel of record via U.S. Mail, first class, proper postage affixed thereto and addressed as follows:

Kenneth R. Keller
krk@crlaw.com
Rachel Scott Decker
rsd@crlaw.com
Carruthers & Roth, P.A.
235 N. Edgeworth Street (27401)
Post Office Box 540
Greensboro, North Carolina 27402

*Attorneys for Plaintiffs*

/s/ Matthew Brown

Matthew Brown
mabrown@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, NC  28202
Telephone:  704.972.7000
Facsimile:   704.333.4005

*Attorneys for Defendant*

4870-1249-2460.1 / 102905-1056

- 8 -